# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ANDREW U. D. STRAW, ) | |
| ) | |
| Plaintiff, ) | Case No. 17-cv-6231 |
| ) | |
| v. ) | Judge Sharon Johnson Coleman |
| ) | |
| STATE OF ILLINOIS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

The plaintiff, Andrew Straw, brings this action against the State of Illinois, alleging that Illinois has violated the Americans with Disabilities Act by depriving him of the protections of its defamation laws, and thereby failing to protect him against retaliatory conduct that itself violated the Americans with Disabilities Act. The State now moves to dismiss Straw's complaint for lack of subject matter jurisdiction and failure to state a claim on which relief may be granted. Straw, in turn, moves for Rule 11 sanctions against the State based on arguments contained in the State's motion and supporting briefs. For the reasons set forth herein, the State's motion to dismiss [12] is granted and Straw's motion for sanctions [22] is denied.

**Background**

The following facts are taken from Straw's complaint and are accepted as true for the purpose of ruling on the present motion. Straw is disabled. In 2013, he moved to Streamwood Illinois, where he noticed an acute shortage of handicap parking spaces. He promptly sent letters to the local chamber of commerce and local businesses, demanding that they provide the appropriate number of handicapped parking spaces and pay him damages for their violations of the Americans with Disabilities Act.

1

Upon receiving Straw's letter, the executive director of the chamber of commerce reported Straw to the police based on the belief that Straw's conduct constituted a scam. The police subsequently visited Straw, interviewed him, and confirmed that he was disabled. A local newspaper subsequently ran a letter to the editor accusing Straw of extortion and alleging that he was motivated by greed rather than a legitimate desire to advance the interests of the disabled. Notwithstanding the negative publicity that Straw received, the Village subsequently initiated an audit which revealed a substantial shortage of adequate handicapped parking.

Straw filed a fifteen count lawsuit against the newspaper, the chamber of commerce, the executive director of the chamber of commerce, and the author of the letter to the editor alleging, among other things, that the newspaper had engaged in defamation per se by printing the letter to the editor. That lawsuit was dismissed by the Circuit Court of Cook County. With respect to the defamation claim, that court found that the statement at issue was capable of an innocent construction and therefore was not actionable per se and that Straw, a public figure, had failed to establish that the newspaper acted with malice. Straw appealed that ruling, which was affirmed by the Illinois Court of Appeals. The Illinois Supreme Court denied Straw's subsequent petition for leave to appeal that decision, causing Straw to initiate the present action.

**Legal Standard**

When a party moves to dismiss based on lack of subject matter jurisdiction pursuant to Rule 12(b)(1), the district court must accept all well-pleaded facts within the complaint as true, but may also consider evidence outside the pleadings to ensure that jurisdiction is proper. *Evers v. Astrue*, 536 F.3d 651, 656–57 (7th Cir. 2008) (citing *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007)).

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint, not the merits of the allegations. The allegations must contain

sufficient factual material to raise a plausible right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 n.14, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Although Rule 8 does not require a plaintiff to plead particularized facts, the complaint must allege factual "allegations that raise a right to relief above the speculative level." *Arnett v. Webster*, 658 F.3d 742, 751–52 (7th Cir. 2011). Put differently, Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), *see also* Fed. R. Civ. P. 8(a). When ruling on a motion to dismiss, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Park v. Ind. Univ. Sch. of Dentistry*, 692 F.3d 828, 830 (7th Cir. 2012).

**Discussion**

The State contends that this Court lacks subject matter jurisdiction to hear this case under the Rooker-Feldman doctrine. The Rooker-Feldman doctrine provides that federal district courts may not assert jurisdiction in cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005); *see also Crestview Vill. Apartments v. U.S. Dep't of Hous. & Urban Dev.*, 383 F.3d 552, 555-56 (7th Cir. 2004) ("[L]ower federal courts are not authorized to review appeals from state court judgments except, of course, where Congress has explicitly authorized such collateral review."). The Rooker-Feldman doctrine extends not only to those issues actually presented to and decided by a state court, but also to any other claims "inextricably intertwined" with such decisions. *Taylor v. Federal Nat. Mortg. Ass'n*, 374 F.3d 529, 533 (7th Cir. 2004).

Straw, in his complaint, asserts that he is suing "over the way the law of defamation was twisted and the facts such as the police investigation of me ignored so as to deny me my right to defamation protection" and that he seeks damages "to compensate me for the denial to me of the law of defamation." Straw clearly and repeatedly argues that the Illinois courts misapplied the law when it denied his defamation claims and that his damages are based on that denial.

Straw nevertheless contends that he is not appealing his state court case, but is instead challenging the application of state law. Although *Rooker-Feldman* does not permit the review of state-court decisions by lower federal courts, it does not preclude challenges to a statute or rule which governed the state court decision so long as that challenge does not require review of the decision in a particular case. *Skinner v. Switzer*, 562 U.S. 521, 532, 131 S.Ct. 1289, 179 L.Ed.2d 233 (2011); *Dist.of Columbia Ct. of App. v. Feldman*, 460 U.S. 462, 487, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). Straw's argument on this point, however, is undermined by the fact that he is seeking compensatory damages caused by the dismissal of his defamation claims. Straw thus seeks to recover for "injuries caused by state-court judgments." Straw's claims are therefore barred by the *Rooker-Feldman* doctrine. *See Sykes v. Cook Cnty. Cir. Ct. Prob. Div.*, 837 F.3d 736, 742–43 (7th Cir. 2016) (holding that *Rooker-Feldman* barred an ADA claim based on harm stemming from a state court judge's order and related actions).

In light of its determination that the Rooker-Feldman doctrine deprives this Court of jurisdiction over Straw's claims, this Court need not address the State's arguments concerning estoppel, sovereign immunity, or the adequacy of Straw's allegations. The Court, however, must address Straw's pending motions for Rule 11 sanctions, which is premised on the State's argument that it has sovereign immunity against Straw's claim.

Under Rule 11, a motion for sanctions may not be filed until at least 21 days after it is served on the opposing party. This "safe harbor" provides the offending party with the opportunity to

4

withdraw or correct the offending pleading. *Matrix IV, Inc. v. Am. Nat. Bank and Trust Co. of Chi.*, 649 F.3d 539, 552 (7th Cir. 2011). The safe-harbor provision is a strict procedural requirement, and failure to provide the required notice prior to filing precludes the award of sanctions. *Intellect Wireless, Inc. v. Sharp Corp.*, 87 F. Supp. 3d 817, 838 (N.D. Ill. 2015) (Pallmeyer, J.). Here, Straw first provided the State with his proposed Rule 11 motion on December 28, 2017, less than 21 days before his January 8, 2018 filing of that motion. Accordingly, Straw's motion for sanctions is procedurally barred. *Id.*

**Conclusion**

For the foregoing reasons, Straw's motion for sanctions [22] is denied and the State's motion to dismiss [12] is granted. This case is accordingly dismissed without prejudice.

SO ORDERED.

_____
Sharon Johnson Coleman
United States District Court Judge

DATED: 3/5/2018